JUDGE BERGER,
specially concurring.
¶ 36 I join the court’s opinion. I write separately only to address my concerns regarding apportionment of liability attributable to a claimant’s genetic predisposition to a disease when the genetic predisposition has not actually resulted in the disease.[1]
¶ 37 The majority correctly observes that apportionment is permissible under some .circumstances. See, e.g., § 8-42-104(3), C.R.S. 2016.[2] An employer is statutorily responsible only for injuries and disabilities caused by work injury or industrial exposure. Anderson v. Brinkhoff, 859 P.2d 819, 823 (Colo.1993). In Anderson, the Colorado Supreme Court held that because occupational diseases may have both work-related and non-work-related causes, an employer may be liable for only a portion of a claimant’s occupational disease.
¶ 38 I agree that apportionment was permissible under Colorado law in this case. Not only did the evidence support the administrative law judge’s findings that the claimant’s osteoarthritis in his knees was caused in part by the non-work-related factors of his weight and family history, at least one doctor identified pre-existing' osteoarthritis in other parts of the claimant’s body.
¶ 39 But apportionment of liability attributable to a person’s mere likelihood of developing a disease, without more, is impermissible. Genetic predispositions are measured by statistical probabilities; for example, a woman or man who carries abnormalities in the BRCA1 or BRCA2 genes has a much greater chance of developing breast and ovarian cancer than a woman or man who does not carry those abnormalities.[3] BRCAl and BRCA2: Cancer Risk and Genetic Testing, Nat’l Cancer Inst., https://perma.cc/U3W6-DH49; What Does it Mean to Have a Genetic Predisposition to a Disease?,- U.S. Nat’l Library of Med., https://perma.cc/73BH-2XYZ.
¶ 40 Genetic predispositions are not, however, certainties. If a person has a ninety percent statistical likelihood of developing a particular disease (an unusually high predisposition), that also means that any given person with that genetic makeup may be one of the lucky ten percent who never develops the disease. Without evidence that the person’s predisposition to development of the disease has manifested itself in the disease, apportionment is inappropriate.
¶ 41 To permit apportionment under these circumstances would be fatally inconsistent with the workers’ compensation principle that an employer takes the employee as it finds him or her. Cowin & Co. v. Medina, 860 P.2d 535 (Colo.App.1992); see § 8-42-104(3) (“An employee’s temporaiy total disability, temporaiy partial disability, or medical benefits shall not be reduced based on a previous injury.”); see also Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731, 737 (Fla.1967) *467 (“[T]he theory of apportionment is diametrically opposite to the injunction that ‘the employer takes the employee as he finds him.’”). Instead of taking the employee as the employer finds her, it would do precisely the opposite by burdening an employee who may never develop the disease for which she has a predisposition and penalizing her for the existence of that family history or her genes.
¶ 42 The collateral ramifications of such apportionments are also troubling. If appor-tionments based solely on genetic predispositions were permissible, what would stop an employer from seeking and obtaining a blood draw from a claimant and having the blood tested for genetic disease markers? Most employees would find this degree of intrusion into them most personal affairs shocking. And, if the genetic test results are even remotely related to the claimed work-related injury or disease, the employer or its insurer almost certainly would seek apportionment.
¶ 43 Nothing in the Workers’ Compensation Act of Colorado, nor any Colorado Supreme Court case, authorizes apportionment based on a genetic predisposition that has not resulted in the disease. In my view, nothing in the court’s opinion should be read to authorize such an apportionment.

. According to the National Cancer .Institute, a genetic predisposition is an "[i]ncreased likelihood or chance of developing a particular disease due to the presence of one or more gene ' mutations and/or a family history that indicates an increased risk of the disease.” NCI Dictionary of Genetics Terms, Nat’l Cancer Inst., https:// perma.cc/MH99-WYKX; see also What Does it Mean to Have a Genetic Predisposition to a Disease?, U.S. Nat’l Library of Med., https://perma. cc/73BH-2XYZ.

. Some- states have rejected apportionment entirely in workers' compensation cases. See Sullins v. United Parcel Serv., Inc., 315 Conn. 543, 108 A.3d 1110, 1122 (2015); Stephens v. Winn-Dixie Stores, Inc., 201 So.2d 731, 736-37 (Fla.1967); Newberg v. Armour Food Co., 834 S.W.2d 172, 175 (Ky.1992); Bond v. Rose Ribbon & Carbon Mfg. Co., 42 N.J. 308, 200 A.2d 322, 323-24 (1964).

. I am not speaking here of genetic disorders that invariably cause a disease or condition. I am speaking only of genetic predispositions, which, while they increase the statistical likelihood of disease, do not invariably lead to disease.